UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CUONG LE,

                Petitioner,

v.

JEFFERSON SESSIONS, *Attorney General*, KIRSTJEN NIELSEN, *Secretary of the Department of Homeland Security*, THOMAS FEELEY, *U.S. ICE Field Office Director for the Upstate NY Field Office*, and JEFFERY SEARLS, *Acting Facility Director Buffalo Federal Detention Facility*,

                Respondents.

**DECISION AND ORDER**

1:17-CV-01339 EAW

---

## **BACKGROUND**

Petitioner Cuong Le ("Petitioner"), commenced this habeas proceeding on December 27, 2017, pursuant to 28 U.S.C. § 2241, alleging that his detention in administrative custody by the United States Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") violated his federal constitutional right to due process and his statutory rights under 8 U.S.C. § 1231(a)(6). (Dkt. 1). He requested relief, including asking that this Court: (1) assume jurisdiction over the matter; (2) grant Petitioner a writ of habeas corpus directing Respondents to immediately release Petitioner from custody; (3) declare that Respondents' detention of Petitioner violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment; (4) order Respondents not to remove Petitioner from the jurisdiction of the ICE Buffalo Field

- 1 -

Office Direction during the pendency of these proceedings;[1] and (5) grant any further relief that the Court deems just and proper. (*Id.* at 10-11).

Petitioner was born in a refugee camp in Hong Kong in 1982, at which time it was a colony of Great Britain. (*Id.* at 4). His parents were born in Vietnam and were refugees in a United Nations High Commissioner for Refugees ("UNHCR") camp. (*Id.*). Petitioner arrived in the United States on May 12, 1982, as a refugee; his status was changed to that of a lawful permanent resident on December 30, 1983. (*Id.*).

On November 22, 2013, ICE charged Petitioner with being removable due to having committed a controlled substance offense and an aggravated felony drug trafficking offense in violation of 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B)(i). (*Id.*). Petitioner was ordered deported to Vietnam on April 15, 2014, and did not appeal his order of deportation, thereby making it final 30 days from the date Petitioner was ordered removed. (*Id.*). Petitioner was placed into ICE's custody on March 10, 2017, having spent nine years in criminal custody related to his December 11, 2008, conviction for conspiracy to possess with intent to deliver 500 grams or more of methamphetamine. (*Id.* at 5).

When the instant petition was filed, Petitioner had been in ICE custody for approximately eight months. (*Id.*). DHS reviewed Petitioner's detention status in June 2017, and decided to continue Petitioner's detention. (*Id.*). Petitioner sought reconsideration of this determination, which was denied on August 15, 2017. (*Id.* at 6).

---

[1] The Court construes this request as one for a stay of removal during the pendency of the proceeding.

ICE conducted a second review of Petitioner's detention status in September 2017, and again decided to continue his detention. (*Id.*).

On January 4, 2018, this Court ordered Respondents to file and serve an answer or motion to dismiss the petition, accompanied by a memorandum of law, within 45 days of service of the Order. (Dkt. 3). On February 20, 2018, Respondents filed an answer and return response to the petition. (Dkt. 5). On May 23, 2018, Petitioner was released from DHS custody pursuant to an Order of Supervision and Addendum. (Dkt. 11 at 4). On June 6, 2018, Respondents moved to dismiss the petition on the grounds of mootness. (Dkt. 11). Petitioner did not respond to Respondents' motion.

For the following reasons, Respondents' motion to dismiss (Dkt. 11) is granted, and the petition is dismissed as moot.

## DISCUSSION

### I. Jurisdiction

"[T]he federal courts have jurisdiction under § 2241 to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Henderson v. INS*, 157 F.3d 106, 122 (2d Cir. 1998) (quoting 28 U.S.C. § 2241). However, district courts do not have jurisdiction to review final orders of removal. "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C. § 1252(a)(5). The Second Circuit has found that § 1252(a)(5) "unequivocally eliminates habeas corpus review of orders of removal" by a district court. *Marquez-Almanzar v. INS*, 418 F.3d 210, 215 (2d Cir. 2005). This statute "does not affect

the district courts' jurisdiction over review of other habeas corpus claims." *Brempong v. Chertoff*, No. Civ. 305CV733(PCD), 2006 WL 618106, at *2 (D. Conn. Mar. 10, 2006).

## II. <u>Mootness</u>

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Jackson v. Holder*, 893 F. Supp. 2d 629, 631 (S.D.N.Y. 2012) (internal quotation marks and citation omitted) (alteration in original). "Where a habeas petition is based upon a criminal conviction, the cause is not rendered moot by the petitioner's release from custody, provided that [the] petitioner continues to suffer 'collateral consequences' of the conviction upon which the now-ended incarceration was based." *Denis v. DHS/ICE of Buffalo, N.Y.*, 634 F. Supp. 2d 338, 340 (W.D.N.Y. 2009). However, "[t]he district courts in this Circuit to have considered the issue have found that where an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." *Id.* at 341; *see also Williams v. INS*, No. 02CIV3814(GBDGWG), 2005 WL 1994102, at *2 (S.D.N.Y. Aug. 18, 2005) (finding the petitioner "lacks any interest in the outcome of this suit inasmuch as the relief he has requested—release from detention—has already been afforded to him"); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody.").

Here, the relief sought by Petitioner included that this Court: (1) assume jurisdiction over the matter; (2) grant Petitioner a writ of habeas corpus directing Respondents to immediately release Petitioner from custody; (3) declare that Respondents' ongoing

- 4 -

detention of Petitioner violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment; (4) order Respondents not to remove Petitioner from the jurisdiction of the ICE Buffalo Field Office Direction during the pendency of these proceedings; and (5) grant any further relief that the Court deems just and proper. (Dkt. 1 at 10-11). As to Petitioner's fourth request, this Court never had jurisdiction to review his final order of removal. With regard to the remainder of his requests, the petition became moot upon Petitioner's release from the custody of the United States. *Denis*, 634 F. Supp. 2d at 341; *see also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). Petitioner is no longer subject to the condition that caused his alleged deprivation, and, as a result, this Court lacks subject matter jurisdiction to further examine the merits of the petition.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Dkt. 11) is granted, and the petition is dismissed as moot. The Clerk of the Court is directed to close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: October 29, 2018
Rochester, New York